**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMY L. CHAMPLIN ,**
                **Plaintiff,**

**-vs-**                                                            **Case No.  6:08-cv-55-Orl-22DAB**

**SOVEREIGN RESIDENTIAL SERVICES ,**
                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT (Doc. No. 9)**
>
> **FILED:**      **February 14, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Plaintiff is suing Defendant Sovereign Residential Services, LLC ("Sovereign") for alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, for failure to accommodate her disability in its parking, entrances, and barriers at the facility.  Sovereign moves to dismiss Plaintiff's claims as failing to state a claim, or in the alternative for summary judgment, because it does not operate a place of "public accommodation" within the meaning of the ADA.  For the reasons set forth below, the Court recommends the Motion be **GRANTED**.

**Standard of Review**

Sovereign moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment under Rule 56 on Plaintiff's claims. Because Sovereign submitted the affidavit of its managing member in support of the Motion, it is more appropriate to consider the Motion as one for summary judgment. Federal Rule of Civil Procedure 12(d), which went into effect on December 1, 2007, entitled "Result of Presenting Matters Outside the Pleadings" states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." On February 15, 2008, Judge Conway ordered Plaintiff to file a response to Sovereign's Motion by March 14, 2008. Doc. No. 11. Plaintiff filed a response on February 22, 2008, and a supplemental response on March 14, 2008; however, she did not submit an affidavit or any other evidence. Doc. Nos. 12, 13, 16.

Summary judgment should be ordered "if the pleadings, the discovery, and the disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). To avoid summary judgment, the opposing party must come forward with specific facts in dispute that are material and of a substantial nature. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court must make all reasonable factual inferences in favor of the opposing party in assessing whether an issue of material fact exists and whether the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

**Background**[1]

Plaintiff is a permanently disabled individual confined to a power wheelchair, who uses a wheelchair-accessible van for transportation. Doc. No. 1. Plaintiff alleges she visited her brother, a resident of Venetian Place, on February 26 to March 2, 2007, March 9 to 10, and August 31, 2007; she intends to visit in the future. Doc. No. 1. Plaintiff alleges she experienced difficulty in parking; of the more than 650 parking spaces at Venetian Place, insufficient spaces are compliant with ADA requirements. Doc. No. 1. Plaintiff also alleges entrances and exits to parking and the facility, as well as the laundry facilities caused her problems and are also not in compliance with the ADA. Doc. No. 1.

Sovereign Residential Services, LLC is the management company that operates the Venetian Place condominiums; it does not own the condominium units which are individually and privately owned residences. Doc. No. 10-2 (Aff. of Ellen Lumpkin, Managing Member of Sovereign). The Venetian Place condominiums are solely residential living facilities and no part or portion includes transient or short term lodging such as inn, motel, or hotel. Doc. No. 10-2.

**Residential condominiums are not "public accommodations"**

Plaintiff alleges Venetian Place condominiums, where she visited her brother, is a public accommodation subject to the ADA. Residential condominiums and apartments are generally not considered under the ADA to be places of "public accommodation" with two notable exceptions. Title III of the ADA provides in pertinent part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

---

[1] The facts are either undisputed or read in the light most favorable to Plaintiff, as they must be on a motion for summary judgment.

42 U.S.C. § 12182(a).  The ADA only regulates non-residential facilities.  H.R. Resp. No. 101-485(II), 101st Cong., 2d Sess. 383 (1990), *reprinted in* USCC&AN 1990 at 267; *see also* 28 C.F.R. Pt. 36, App. B, § 36.104[2] (definitions).  Title III and the regulations promulgated to implement it define "place of public accommodation" as a "facility, operated by a private entity, whose operations affect commerce and fall within at least one" of twelve specified categories, which include:

> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor.

42 U.S.C. § 12181(7); *see also* 28 C.F.R. § 36.104.

Two other district courts in the Eleventh Circuit have determined that residential condominiums and apartments are not "public accommodations."  *See Lancaster v. Phillips Investments, LLC*, 482 F. Supp.2d 1362 (2007) (apartment building was not a public accommodation subject to Title III of ADA in suit by wheelchair-bound plaintiff for injury on ramp); *Thompson v. Sand Cliffs Owners Ass'n, Inc.*, No. 3:96cv270-RV, 1998 WL 35177067, *3 (N.D. Fla. Mar. 30, 1998) (condominiums which did not allow units to be rented out were not public accommodation within the meaning of the ADA).  Other federal courts uniformly have held that residential apartment buildings and condominiums are not lodging within the "public accommodation of the ADA."  *See also Phibbs v. American Property Management,* __ F. Supp. 2d __, 2008 WL 746977, *3 (D.Utah Mar. 19, 2008) (residential apartment complex and its assigned parking were not places of public accommodation as contemplated by the ADA); *Mabson v. Assoc. of Apartment Owners of Maui*, No. 06-235-DEA-LEK, 2007 WL 2363349 (D. Hawaii Aug. 13, 2007) (residential condominiums, whether short-term or long-

---

[2] Regulations promulgated by the United States Department of Justice ("DOJ") include "accessibility guidelines," contained in 28 C.F.R. Pt. 36, App. A & B.

term rental units, were not "public accommodations" within ADA); *Indep. Housing Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F.Supp. 1328, 1344 (N.D.Cal. 1993) (apartments and condominiums do not constitute public accommodations within the meaning of the ADA); *Reid v. Zackenbaum*, No. 05-CV-1569, 2005 WL 1993394, *4 (E.D.N.Y. Aug. 17, 2005) (same); *cf. Regents of the Mercerburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 165 n. 8 (3rd Cir. 2006) (agreeing that residential apartments and condominiums do not constitute public accommodations within the meaning of the ADA, but distinguishing the dormitory housing at issue).

In the case of a facility which consists of condominium units used as hotel rooms, at least one district court has held that the facility *was* subject to the requirements of the ADA. In *Access 4 All, Inc. v. Atlantic Hotel Condominium Association*, Judge Cohn noted several conditions which made the facility more akin to a hotel than a condominium. 2005 WL 5632057 (S.D. Fla. Aug. 17, 2005). First, the facility had no real governing condominium board. *Id*. at *1. Second, the builder of the facility had sold off individual units, but retained ownership of the common areas, served as "hotel unit owner," a term used in the facility's governing documents, was paid to maintain the building, and hired a separate entity to manage the "room reservation" program. *Id*. Third, every unit owner had the option to place his/her unit into the rental program. *Id*. Judge Cohn ultimately held the "hybrid or mixed-use" condominium facility was "virtually indistinguishable from a hotel" and subject to the ADA as a "public accommodation." *Access 4 All, Inc. v. Atlantic Hotel Condominium Association*, (follow up order) 2005 WL 5643878, *13 (S.D. Fla. Nov. 23, 2005) (citing DOJ Public Letter 202-PL-216 (Aug. 28, 1992): "Condominium buildings may be covered as places of public accommodation if they operate as places of lodging. Determining whether a particular condominium facility is a place of public accommodation would depend on the extent to which it shares characteristics normally associated with a hotel, motel, or inn."). However, whether the residential condominium units are

rented out short or long term, they will not be viewed as a "public accommodation" unless akin to a hotel, *i.e.*, overnight "rental" of the units. *See, e.g.*, *Thompson v. Sand Cliffs Owners Ass'n, Inc.*, 1998 WL 35177067, 3 (N.D. Fla. 1998) (holding where fifteen of seventy owners decided to rent their condominiums as residences did not change the residential nature of the condominiums because each owner was still free to use his condominium at anytime or free not to rent it out at all). Sovereign has presented the uncontroverted affidavit of Ms. Lumpkin stating that the Venetian Place condominium units are privately owned, residential units, and no portion is used as transient lodging, in the nature of a hotel.

Although Plaintiff concedes the "residential" units are not within the Act, Plaintiff seeks to parse out the "nonresidential" portions of the property as "public accommodations." Merely because residents do not actively "reside" in certain portions of the facility such as the laundry room or parking area, this does not convert them "nonresidential" or "public" accommodations. At least one other court has rejected a plaintiff's attempt to sue for the conditions in assigned parking for an exclusively a residential building. *See Phibbs v. American Property Management,* __ F. Supp. 2d __, 2008 WL 746977, *3 (D.Utah Mar. 19, 2008) (residential apartment complex and its assigned parking were not places of public accommodation as contemplated by the ADA). The same reasoning would logically apply to the condominium's laundry facilities provided exclusively for residents, as opposed to a commercial laundromat open to the general "public."

Plaintiff cites *Sapp v. NHI Partnership, Ltd.*, 199 F.Supp.2d 578 (N.D. Tex. 2002). Plaintiff is correct that in *Sapp* and at least one other case, *Baltimore Neighborhoods, Inc. v. LOB, Inc.*, 92 F.Supp.2d 456, (D. Md. 2000), district courts held that a "sales center" which was open to the general public was a "public accommodation" subject to the ADA. *See Baltimore Neighborhoods, Inc. v. LOB, Inc.*, 92 F.Supp.2d 456, (D. Md. 2000) (inaccessibility of model unit/sales center was issue

under ADA, but rendered moot when center closed).  However, in this case Plaintiff has not alleged a violation of the ADA for Sovereign's management of the sales center, if one even exists at the Venetian Place.

Plaintiff has not alleged any injuries or barriers that would relate to a portion of the Venetian Place condominiums open to the general public, as opposed to the residents, or in her case, guests of the residents.  As such, Plaintiff has failed to present a genuine issue of material fact or state a claim for violation of Title III of the ADA because Venetian Place condominium is not a "public accommodation" within the meaning of the ADA.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 7, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Plaintiff Amy L. Champlin
Courtroom Deputy