**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMY L. CHAMPLIN,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:08-cv-55-Orl-22DAB**

**SOVEREIGN RESIDENTIAL SERVICES,**

        **Defendant.**

_____

**ORDER**

This cause comes before the Court for consideration of pending motions to dismiss and a Report and Recommendation (R&R) issued by the Magistrate Judge.

By way of background, Plaintiff filed an initial Complaint alleging ADA public accommodations violations at a condominium complex known as Venetian Place. (Doc. No. 1.) Defendant moved to dismiss on the ground that Venetian Place is a residential complex and therefore does not qualify as a place of public accommodation. (Doc. No. 9.)

In the R&R, the Magistrate Judge recommended that the motion to dismiss, converted to a summary judgment motion, be granted on the ground that "Plaintiff has failed to present a genuine issue of material fact or state a claim for violation of Title III of the ADA because Venetian Place condominium is not a 'public accommodation' within the meaning of the ADA." (Doc. No. 19 at 7.) In reaching that conclusion, the Magistrate Judge noted that the Defendant's evidence regarding the residential character of the individual condominium units was uncontroverted. (*Id.* at 6.) The Magistrate Judge also rejected Plaintiff's attempt to "parse out the 'nonresidential' portions of the property as 'public accommodations." In that regard,

the Magistrate Judge stated: "Merely because residents do not actively 'reside' in certain portions of the facility such as the laundry room or parking area, this does not convert them [into] 'nonresidential' or 'public' accommodations." (*Id.*) The Magistrate Judge distinguished cases in which a "sales center" open to the general public was deemed a public accommodation subject to the ADA, noting: "[I]n this case Plaintiff has not alleged a violation of the ADA for Sovereign's management of the sales center, if one even exists at the Venetian Place." (*Id.* at 7.)

Plaintiff has not filed any specific objections to the R&R.[1] Instead, Plaintiff filed an Amended Complaint; that pleading now contains two references to a "Sales Center." (Doc. No. 21, ¶¶ 28, 29.) However, those references are somewhat oblique; the Amended Complaint does not directly and affirmatively state that there is in fact a sales center at Venetian Place that is open to the public.

In response to the Amended Complaint, Defendant has filed another motion to dismiss. (Doc. No. 22).

Considering all these filings, the Court determines as follows: Based on the record before the Magistrate Judge, the R&R correctly concluded that Defendant was entitled to summary judgment on the ground that Venetian Place is a residential facility not covered by the ADA. That determination is subject to one potential exception relating to sales centers that are

---

[1] On April 18, 2008, Plaintiff filed a document entitled "Notice of Objection and Motion to Extend Time." (Doc. No. 20.) Therein, Plaintiff stated she did not receive the April 7th R&R until April 16th. Accordingly, she requested "additional time, one calendar week, to file reasoning for objection." (*Id.*) Despite requesting additional time, Plaintiff never filed any specific objections to the R&R.

open to the public. In her post-R&R Amended Complaint, Plaintiff has attempted to invoke that exception; however, her pleading is not sufficiently clear in that regard. Under these circumstances, the Court determines that Defendant is entitled to summary judgment on all aspects of Plaintiff's ADA claim except - possibly - Plaintiff's claim founded on ADA violations relating to a sales center. However, Plaintiff must re-plead that aspect of her ADA claim - and that aspect only - if she can do so without violating Fed. R. Civ. P. 11 (and subjecting herself to potential sanctions pursuant to that rule). Accordingly, Plaintiff will be granted one final opportunity to amend her complaint.

Based on the foregoing, it is ORDERED as follows:

1. The April 7, 2008 Report and Recommendation (Doc. No. 19) is APPROVED AND ADOPTED.

2. Defendant's Motion to Dismiss or Motion for Summary Judgment (Doc. No. 9), filed on February 14, 2008, is GRANTED. Defendant is granted summary judgment on all aspects of Plaintiff's ADA claim except the possible claim arising from potential ADA violations relating to a sales center.

3. Defendant's Motion to Dismiss the Amended Complaint or Motion for Summary Judgment (Doc. No. 22), filed on April 28, 2008, is GRANTED to the same extent as stated in paragraph 2 of this Order.

4. The Amended Complaint is DISMISSED, WITH LEAVE TO AMEND. On or before July 14, 2008, Plaintiff shall file and serve a second amended complaint that pleads an ADA claim regarding a sales center, if she can do so consistent with the requirements of Fed. R. Civ. P. 11. Plaintiff shall not plead any other ADA claims in the second amended complaint.

This shall serve as Plaintiff's final opportunity to attempt to state a claim upon which relief may be granted. Failure to file a second amended pleading by the date specified will result in dismissal of this case without further notice.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 26, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge

ANNE C. CONWAY
United States District Judge